Dorothy MILKS *v.* C. M. CARDEN, Chancellor, and Jimmy SEALS, Chancery Clerk

80-102                                                   598 S.W. 2d 744
Supreme Court of Arkansas
Opinion delivered May 27, 1980

*Christopher Rand, Griffin J. Stockley, Jerome Rephan* and *Sim-*

*mons S. Smith*, Central Arkansas Legal Services, for petitioner.

*Steve Clark*, Atty. Gen., for respondents.

GEORGE ROSE SMITH, Justice. The petitioner, an indisputably indigent person, sought to file a suit for divorce in the Saline Chancery Court without paying the required $20 filing fee. The chancellor recognized that the petitioner is indigent, but entered an order that "reiterates [the court's] policy of disallowing any such fee waivers in this Judicial District." In this court the petitioner seeks a writ of mandamus to compel the chancellor and the court clerk to accept the complaint without the fee.

It is first argued by the Attorney General, appearing for the respondents, that mandamus is not the proper remedy, because acceptance of the complaint was discretionary with the trial court. A complete answer to this suggestion is that the trial judge did not even purport to exercise any discretionary authority; he simply adhered to a fixed policy against the waiver of filing fees in civil cases. Mandamus is thus the only remedy available to the petitioner.

On the merits the case is governed by the Supreme Court's opinion in *Boddie* v. *Connecticut*, 401 U.S. 371 (1971). There the court held that the constitutional guaranty of due process of law prohibits a state from denying, solely because of inability to pay filing fees, access to its courts to indigents who in good fait seek dissolution of their marriage. The court sought — somewhat optimistically, as the future may well prove — to confine its reasoning to suits for the dissolution of marriage. Even so, the case at bar is such a suit; so it is our duty to give effect to the Supreme Court's ruling.

Writ granted.